PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD W. BARTELMAY, *et al.*, | ) | CASE NO. 4:13cv767 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| BODY FLEX SPORTS, INC., *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Regarding ECF No. 7] |

Pending is the Motion to Remand to State court filed by Plaintiff Leonard W. Bartelmay ("Bartelmay") who is joined in the instant lawsuit by co-Plaintiff Anthem Blue Cross Blue Shield of Texas ("Blue Cross").  ECF No. 7.  Defendants Body Flex Sports, Inc. ("Body Flex") and Kmart Corporation ("Kmart") responded.  ECF No. 10.  The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law.  For the reasons that follow, the Court grants Bartelmay's  motion and remands the case to State court.

## I.  Background

Bartelmay alleges that he suffered personal injuries as a result of defective exercise equipment that was manufactured and supplied by Defendants.  ECF No. 1-2 at 21-22.[1]  Blue Cross asserts a right of subrogation to Bartelmay's claim.  ECF No. 1-2 at 22.  As a result of his injuries, Bartelmay asserts causes of action pursuant to the Ohio Product Liability Act, O.R.C. § 2307.71 *et seq.*, as well as common law causes of action asserting negligence, breach of express

---

[1] Page numbers in this Memorandum of Opinion and Order refer to the Page ID# in the electronic filing system.

(4:13cv767)

and implied warranties, and strict liability.  ECF No. 1-2 at 22-25.

Plaintiffs filed the Complaint in the Mahoning County, Ohio, Court of Common Pleas on February 27, 2013.  ECF No. 1-2.  Defendants filed a Notice of Removal on April 8, 2013 pursuant to 28 U.S.C. § 1441 and based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). ECF No. 1 at 1.

In the Complaint, both Kmart and Blue Cross are named as corporations with their principal places of business in Illinois, making them both citizens of Illinois for the purposes of, diversity jurisdiction.  ECF No. 1-2 at 20-21; *see* § 1332(c)(1).  Defendants do not dispute that Kmart and Blue Cross share citizenship and are non-diverse entities.  ECF No. 1 at 4-5. In the Notice of Removal, however, Defendants argue that Blue Cross is an improperly named plaintiff because the statute of limitations applicable to its subrogation claim has expired and also that Blue Cross is fraudulently joined in the lawsuit.  ECF No. 1 at 1.  As a result, Defendants argue that the citizenship of Blue Cross should not be considered for diversity jurisdiction purposes.  ECF No. 1 at 1.  The Court, unsatisfied with Defendants' Notice of Removal given the non-diverse parties on the face of the Complaint, ordered the parties to file supplemental briefs regarding the properness of Blue Cross as a plaintiff.  ECF No. 6.

In response to the Court's Order, Bartelmay filed a Motion to Remand arguing that Defendants failed to establish complete diversity among the parties as required by § 1332(a). ECF No. 7 at 51-52.  Bartelmay argues that Blue Cross is a properly named plaintiff and its shared citizenship with Kmart deprives the Court of subject matter jurisdiction.  ECF No. 7 at 52-54.  Defendants responded, urging the Court to exercise its discretionary authority under Fed.

2

(4:13cv767)

R. Civ. P. 21 to drop Blue Cross from the instant lawsuit, thereby conferring subject matter

jurisdiction to the Court.  ECF No. 10 at 62.

## II.  Legal Standard

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the

district courts of the United States have original jurisdiction, may be removed by the defendant or

defendants, to the district court of the United States for the district and division embracing the

place where such action is pending."  District courts have original jurisdiction over civil actions

that arise under Federal law, *see* 28 U.S.C. § 1331, or that involve parties of diverse citizenship

and exceed $75,000 in controversy, *see* 28 U.S.C. § 1332.  "[D]iversity jurisdiction does not

exist unless *each* defendant is a citizen of a different State from *each* plaintiff."  *Owen*

*Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original).

A court is required to remand the case "[i]f at any time before final judgment it appears

 that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  In deciding a

motion to remand based on whether subject matter jurisdiction exists, "a court generally looks to

the plaintiff's complaint, as it is stated at the time of removal, and the defendant's notice of

removal."  *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)

(citing *Miller v. Grugirich*, 763 F.2d 372 (9th Cir. 1985)).  "A court may, however, look at

subsequent pleadings and proceedings in a case . . . to the extent that they 'shed light on the facts

as they existed at the outset of the litigation and on the actual interests of the parties.'"  *Hrivnak*

*v. NCO Portfolio Mgmt.*, 723 F. Supp. 2d 1020, 1024 (N.D.Ohio 2010) (citing *American*

*Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 151 n. 3 (7th Cir. 1981)).  A district court has

3

(4:13cv767)

"wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990) (citations omitted).

A defendant seeking removal on the basis of diversity jurisdiction has the burden of proving by a preponderance of the evidence that complete diversity and amount in controversy requirements are met. *See*, *e.g.*, *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993), overruled on other grounds by *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192-93 (2010). The removal petition is to be strictly construed, and the district court must resolve all disputed questions of fact and ambiguities in the controlling State law in favor of the non-removing party. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

### III. Analysis

A court usually looks to the pleadings at the time of removal in order to ascertain whether it has subject matter jurisdiction over the dispute. *Gentek*, 491 F.3d at 330. A determination of a district court's subject matter jurisdiction can be attacked facially or factually. *Id.* Defendants launch both types of attacks by arguing that Blue Cross is an improperly named plaintiff, a facial attack, and that Blue Cross is a nominal party that has been fraudulently joined, a factual attack. ECF No. 1 at 1.

### A. Facial Attack – Defendants' Assertion of Blue Cross' Misjoinder

Defendants facially attack the Court's jurisdiction by arguing that Blue Cross is an improperly named plaintiff because the statute of limitations for Blue Cross' subrogation claim has expired. ECF No. 1 at 1, 5. Bartelmay argues that Blue Cross is a properly named plaintiff

4

(4:13cv767)

with a viable subrogation claim against Defendants pursuant to Ohio law.  ECF No. 7 at 51-53.

A facial attack questions merely the sufficiency of the pleading.  *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325.  In assessing a facial attack on subject matter jurisdiction, the court accepts the allegations in the complaint as true.  *Id.*  The Complaint names Blue Cross as a co-plaintiff and asserts a right of subrogation to Bartelmay's personal injury claims.  ECF No. 1-2 at 20, 22.

Pursuant to Ohio law, an insurer-subrogee stands in the shoes of the insured-subrogor and has no greater rights than those of its insured-subrogor.  *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 42 Ohio St.3d 40, 42, 537 N.E.2d 624, 628 (1989).  When the insured's claim against a tortfeasor is based on negligence, the insurer's subrogated claim is also necessarily based on negligence, rather than on the insurance contract.  *Ohio Mut. Ins. Assn., United Ohio Ins. Co. v. Warlaumont*, 124 Ohio App.3d 473, 475, 706 N.E.2d 793, 794 (Ohio App. 12th Dist. 1997) (citing *State Farm Mut. Auto Ins. Co. v. Rossi*, No. 89-T-4247, 1989 WL 149319 (Ohio App. 11th Dist. Dec. 8, 1989)).  Logic dictates that when an insured's tort claim is subject to a statute of limitations, so too is the insurer's subrogation claim.  *United States Fid. & Guar. Co. v. Buckeye Union Ins. Co.*, No. L-85-377, 1986 WL 11418, at *4 (Ohio App. 6th Dist. Sept. 30, 1986).

In the instant case, Defendants contend that Blue Cross' subrogation claim is time-barred because it was filed after the applicable statute of limitations period had expired.  ECF No. 1 at 5. In Ohio, personal injury claims must be brought within two years of the alleged injuries.  Ohio Rev. Code § 2305.10.  Bartelmay alleges that his injuries occurred on March 4, 2010.  ECF No. 1-2 at 21.  Bartelmay originally filed the Complaint, which did not include Blue Cross named as

5

(4:13cv767)

a co-plaintiff, on March 1, 2012.  ECF No. 1-1.  Bartelmay re-filed the Complaint, which

included Blue Cross as a named co-plaintiff asserting a right of subrogation to Bartelmay's

claim, on February 27, 2013, after the applicable statute of limitations had expired.  ECF No. 1-2

at 20.

       Pursuant to Ohio law, persons who must be joined for just adjudication include those who

have "an interest relating to the subject of the action as an assignor, assignee, subrogor, or

subrogee."  Ohio Civ. R. 19(A)(3).  In *Holibaugh v. Cox*, 167 Ohio St. 340, 148 N.E.2d 677

(1958), the court held that, "the assignor and the partial assignee become parties united in interest

and . . . the insured or the insurer *must* be joined as parties to the action."  *Id.* at 346 (emphasis in

original).  Once a plaintiff has properly commenced an action within the applicable statute of

limitations, the subrogee gains the benefit of the subrogor's timely commencement of the action.

*See id.* (holding that assignee insurer was properly joined as a plaintiff despite the expiration of

the period of the statute of limitations)*; see also Adkins v. Orefice*, No. 12CA0015, 2012 WL

6674485, at *3-4 (Ohio App 2d Dist. Dec. 21, 2012) (reaffirming the principle that the unity of

interest between the insured and the insurer allows the insurer to gain the benefit of the insured's

timely filing).

       The Court finds that Blue Cross is a properly named plaintiff in the instant case.

Bartelmay originally filed the Complaint on March 1, 2012, within the two year statute of

limitations period pursuant to O.R.C. § 2305.10.  ECF No. 1-1.  Consequently, Blue Cross gains

the benefit of Bartelmay's timely commencement of the action against Defendants and is not

barred by the expiration of the statute of limitations from bringing its subrogation claim.  *See*

(4:13cv767)

*Holibaugh,* 167 Ohio St. at 346, 148 N.E.2d at 682; *Adkins*, 2012 WL 6674485 at *3-4.

### B. Factual Attack – Defendants' Assertion of Blue Cross' Fraudulent Joinder

Defendants contend that Blue Cross is a nominal party that has been fraudulently joined for the sole purpose of destroying diversity jurisdiction. ECF No. 1 at 1.  Bartelmay disavows that Blue Cross was joined to deprive the Court of diversity jurisdiction and maintains that Blue Cross is a proper plaintiff with a viable subrogation claim against the Defendants pursuant to Ohio law. ECF No. 7 at 48-51.

Presumptive truthfulness is not accorded to the allegations when assessing a factual attack on a court's subject matter jurisdiction. *Ohio Nat. Life Ins. Co.*, 922 F.2d at 325.  To resolve a factual issue, the court must weigh the evidence to determine whether there is or is not subject matter jurisdiction.  *Id.*  In *Coyne,* the court articulated the standard of proof for fraudulent joinder:

> To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law.  However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve "all disputed question of fact and ambiguities in the controlling . . . state law in favor of the non removing party." All doubts as to the propriety of removal are resolved in favor of remand.

183 F.3d at 493 (citing  *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).

The Court finds that there is insufficient evidence to conclude that Blue Cross was

(4:13cv767)

fraudulently joined.[2]  Defendants argue that "it is clear" that Bartelmay joined Blue Cross with the intent to deprive the Court of subject matter jurisdiction.  ECF No. 10 at 61.  The non-moving party's motivation for joining a non-diverse party, "is immaterial to [the] determination regarding fraudulent joinder." *Jerome Duncan v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).  Moreover, it is a well established principle that "[t]he well-pleaded complaint rule generally provides that the plaintiff is the master of [her] complaint." *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 515 (6th Cir. 2003) (quoting *Alexander*, 13 F.3d at 943).  The Court concludes that Blue Cross is a properly named plaintiff with a viable subrogation claim against Defendants pursuant to Ohio law, which is sufficient to find "a colorable basis to conclude that [Blue Cross] will recover against [Kmart]." *Coyne*, 183 F.3d at 493.  Therefore, the Court is required to remand the instant case to State court.

### C. Defendants' Request Pursuant to Fed. R. Civ. P. 21

Defendants urge the Court to exercise its discretionary authority pursuant to Fed R. Civ. P. 21[3] to drop Blue Cross from the instant case, thereby conferring diversity jurisdiction to the Court pursuant to § 1332(a).  ECF No. 10 at 62.

Because the Court has concluded that Blue Cross is a properly named plaintiff in the instant

---

[2] In their Notice of Removal, Defendants "reserve the right to respond accordingly" if the Court determines that Blue Cross is "joined." ECF No. 1 at 7.  The Court, finding that Defendants had ample opportunity to assert their fraudulent joinder argument in response to the Court's Order, ECF No. 6, and Bartelmay's Motion to Remand, ECF No. 7, does not extend another opportunity.

[3] Rule 21 provides that "a court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

8

(4:13cv767)

case with a viable subrogation claim against Defendants pursuant to Ohio law, and Defendants

have not provided sufficient evidence to demonstrate that Blue Cross was fraudulently joined, the

Court chooses not to exercise its discretionary authority under Rule 21 to drop Blue Cross.


### IV.  Conclusion

For the reasons stated above, the Court lacks subject matter jurisdiction because complete

diversity among the parties does not exist.  Bartelmay's Motion to Remand is granted.  The case is

remanded to the State court from which it was removed.


IT IS SO ORDERED.


__June 18, 2013__          __/s/ Benita Y. Pearson_____
Date                              Benita Y. Pearson
                                     United States District Judge

9